

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Edinburg, Texas

Dear Sir:

Opinion No. O-2636
Re: Whether lease contract must be
stamped to be recorded

In your letter of August 14, 1940, you request our
opinion as to whether a certain lease contract is required to
be stamped under Article 7047e, Vernon's Civil Statutes, in
order to be recorded. As we understand your letter, the con-
tract is merely an ordinary one for the rental of a piece of
land for a period of years, setting up the periodic rental
payments to be made for the use of the property, and in which
no lien of any nature is created.

The above statute levies a tax upon "all notes and
obligations secured by chattel mortgage, deed of trust, me-
chanic's lien contract, vendor's lien, conditional sales con-
tract and all instruments of a similar nature which are filed
or recorded in the office of the County Clerk," with certain
exceptions not material to your inquiry.

Since lease agreements are not specifically named
among those subject to the tax, if they are to be taxed it
must be under the clause levying the tax upon "all instruments
of a similar nature" to those specifically named. However,
those specifically named are those which are securitive of
certain obligations. Lease contracts as such, containing
no agreement creating a lien or some character of security
for the rental payments, are not similar to any of the instru-
ments specifically named in the Act, in our opinion. In
this connection you will note that the statute does not levy
the tax upon instruments which merely describe an obligation
but the tax is due only if the tendered instrument secures

Honorable B. F. McKee, Page 2

the obligation. The lease contract described by you need not be stamped if our understanding of its contents as above set out is correct.

We have considered the possible effect of Articles 5222 and 5238, Vernon's Civil Statutes, giving landlord's liens. If there is such a lien in the present case, it is by virtue of statute. The lease agreement evidences the obligation. The statute provides security for such obligation. The fact that a landlord's lien may exist to secure the payment of the rental obligation does not, in our opinion, require a stamping of the contract.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED AUG 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:rw


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN